**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**STEFANO SPIGNO,**

       **Plaintiff,**                **CIVIL ACTION NO. 14-cv-10076**

       **v.**                    **DISTRICT JUDGE DAVID M. LAWSON**

**PRECISION PIPELINE, LLC,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**and ALAN GANSCH,**

       **Defendants.**

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION TO COMPEL [40]**

This matter comes before the Court on Plaintiff Stefano Spigno's Motion to Compel the

Production of Documents from Defendant Precision Pipeline, LLC and For Other Relief.  (Docket

no. 40.)  Defendant responded to Plaintiff's Motion (docket no. 49), and Plaintiff replied to

Defendant's Response (docket no. 55).  The parties have also filed a Joint Statement of Resolved

and Unresolved Issues.  (Docket no. 56.)  The Motion has been referred to the undersigned for

consideration.  (Docket no. 42.)  The undersigned has reviewed the pleadings and dispenses with

oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now

ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.      **Background**

This case arises from a December 14, 2012 automobile accident.  (*See* docket no. 50.)  In his

Amended Complaint, Plaintiff alleges that Defendant Alan Gansch[1] was operating a truck within the

_____

[1]Plaintiff's claims against Defendant Gansch were dismissed on December 4, 2014.
(Docket no. 58.)

scope of his employment or agency with Defendant Precision Pipeline, LLC, when he negligently rear-ended Plaintiff's motor vehicle, causing Plaintiff to suffer multiple injuries. (*Id.*) Plaintiff served Defendant with a Second Request for Production of Documents on July 16, 2014, and a Third Request for Production of Documents on August 6, 2014. (Docket no. 40 ¶¶ 2, 4; docket no. 40-2; docket no. 40-3.) Plaintiff filed the instant Motion to Compel on October 21, 2014, alleging that Defendant did not respond to his Second or Third Requests for Production of Documents. (Docket no. 40.) In his Motion, Plaintiff seeks production of the requested documents, permission to obtain additional discovery on the issues that are the subject of the production requests if Plaintiff's counsel deems it necessary upon production of the documents, and attorney's fees and costs. (*Id.* at 3-4.)

Defendant responded to Plaintiff's Motion on November 7, 2014, asserting that Plaintiff's Motion should be denied as moot because Defendant responded to Plaintiff's Second Request for Production of Documents on August 18, 2014, and provided supplemental responses and documents in response to Plaintiff's Second and Third Requests for Production on November 7, 2014. (Docket no. 49 at 6-7; docket no. 49-4; docket no. 49-5.) Plaintiff replied that although Defendant's November 7, 2014 response to Plaintiff's Third Request for Production of Documents indicates that it is a supplemental response, Plaintiff never received an initial response from Defendant to his Third Request for Production. (Docket no. 55 at 3.) Plaintiff also raises new issues in his Reply brief regarding Defendant's objections and answers to Request for Production (RFP) nos. 1-4 and 10-11 of his Third Request for Production of Documents. (*Id.* at 5-8.) Defendant did not seek leave to file a Sur-Reply to address Plaintiff's newly-raised issues and did not respond to those issues in the parties' Joint Statement of Resolved and Unresolved Issues filed on December 1, 2014. (Docket no.

2

56.)

## II.   Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party

3

did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed.R.Civ.P. 37(a)(5)(A).

## III.   Analysis

According to the parties' Joint Statement of Resolved and Unresolved Issues, the only remaining issues are those Plaintiff raises in his Reply brief regarding Defendant's responses to RFP nos. 1-4 and 10-11 of Plaintiff's Third Request for Production of Documents.  (Docket no. 56 at 2.)  Although these issues should have been raised in a separate motion, the Court will address them below.   As noted above, Defendant had the opportunity to substantively address Plaintiff's arguments regarding these RFPs in the parties' Joint Statement, but did not do so.

### A.      Request for Production No. 1

Plaintiff's RFP no. 1 requests a complete copy of Defendant Gansch's personnel file. (Docket no. 49-5 at 7.)  In its discovery response, Defendant Precision Pipeline, LLC referred Plaintiff to Defendant Gansch's pay records, contracts, W-2s, and time sheets, which had been previously produced.  (*Id.*)  Defendant then objected to this RFP as overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that Plaintiff sought any additional documents.  (*Id.*)  Plaintiff argues that documents in Defendant Gansch's personnel file may provide evidence regarding whether Defendant Gansch was an employee of Defendant Precision Pipeline, LLC and may define his scope of employment.  (Docket no. 55 at 5.)  The undersigned agrees with Plaintiff and will order Defendant Precision Pipeline, LLC to produce Defendant Gansch's personnel file.

### B.      Request for Production Nos. 2-4

Plaintiff's RFP no. 2 requests "[a]ll Documents and Electronically Stored Information setting

4

forth the terms and conditions of Alan Gansch [sic] employment with Precision Pipeline, whether that employment was as an employee, agent or independent contractor." (Docket no. 49-5 at 7.) Defendant produced a Collective Bargaining Agreement in response to this request and asserted that it had found no other documents responsive to this request after conducting a reasonable search. (*Id.* at 8.) Plaintiff challenges Defendant's response to RFP no. 2 on the basis that the Agreement was dated May 21, 2014 and, therefore, was not in effect when the accident occurred. (Docket no. 55 at 6.) Additionally, Plaintiff claims that he "simply cannot accept" Defendant's response that it is unable to locate any other documents responsive to this request. (*Id.*)

RFP nos. 3 and 4 request all descriptions of the work that Defendant Gansch and Defendant Precision Pipeline, LLC were performing on the Enbridge Project in December of 2012. (Docket no. 49-5 at 8.) Defendant responded that it conducted a reasonable search and determined that it does not possess or control any documents responsive to these requests. (Docket no. 49-5 at 8-9.) Again, Plaintiff is unwilling to accept Defendant's response. (Docket no. 55 at 7.)

Federal Rule of Civil Procedure 34 only requires a responding party to produce documents that are in its possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Defendant cannot produce documents that it does not have. Nevertheless, because the parties could not resolve this issue without court interference, the Court will order that all responsive documents be produced; however, if, after reasonable effort, Defendant cannot locate any documents responsive to RFP nos. 2-4 of Plaintiff's Third Request for Production of Documents, Defendant must provide Plaintiff with a sworn declaration describing with specificity all efforts made to locate documents and declaring that after making a reasonable effort, Defendant cannot locate any documents within its possession, custody, or control that are responsive to the requests.

### C.       Request for Production No. 10

Plaintiff's RFP no. 10 requests that Defendant produce "[a]ll Wage Report Summaries submitted to the Michigan Unemployment Agency for the fourth quarter of 2012." (Docket no. 49-5 at 11.)  Defendant produced documents responsive to this request.  (*Id*.)  Plaintiff does not indicate how or why the documents produced are inadequate.  Accordingly, the Court will deny Plaintiff's Motion with regard to this request.

### D.       Request for Production No. 11

Plaintiff's RFP no. 11 requests that Defendant produce:

> All other payroll reports for any time period during the fourth quarter of 2012 on which Alan Gansch's name appears including, without limitation, (1) payroll reports submitted to any other governmental agency and (b) payroll reports submitted to Enbridge, Inc. and (3) payroll reports submitted to any other person in connection with the Enbridge Project.  The social security numbers and wages of employees other than Mr. Gansch may be excised.  The social security number of Mr. Gansch may be excised.

(Docket no. 49-5 at 11.)  Defendant objected to this RFP as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  (*Id*.)  Defendant's general objections, without any substantive argument, are not persuasive.  Plaintiff has requested payroll reports for only a three-month period, has limited the request to only those reports containing Defendant Gansch's name, and has taken potential confidentiality concerns into account.  The Court finds that RFP no. 11 is adequately limited in terms of time and scope and is reasonably calculated to lead to the discovery of admissible evidence regarding Defendant Gansch's employment status with Defendant Precision Pipeline at the time of the accident.  Therefore, the Court will order Defendant to produce any and all documents responsive to this request.

It is unclear whether Plaintiff still seeks attorney's fees and costs or permission to obtain

additional discovery on the issues that are the subject of the production requests if Plaintiff's counsel deems it necessary upon production of the documents, as Plaintiff did not reiterate these requests in his Reply brief or in the Joint Statement of Resolved and Unresolved Issues. The Court will not grant permission for Plaintiff to freely seek additional discovery as he deems necessary at this point in the litigation. If Plaintiff finds it necessary to seek additional discovery after he receives documents from Defendant, he must separately raise this issue with the Court at that time. Also, the Court, in its discretion, will not award attorney's fees and costs to Plaintiff at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [40] is **GRANTED IN PART** and **DENIED IN PART** with respect to Plaintiff's Third Request for Production of Documents as follows:

    a.. Plaintiff's Motion to Compel a response to Request for Production no. 1 is GRANTED;

    b. Plaintiff's Motion to Compel responses to Request for Production nos. 2-4 is GRANTED. If, after reasonable effort, Defendant cannot locate any documents responsive to these requests, Defendant must provide Plaintiff with a sworn declaration describing with specificity the efforts it made to locate documents and declaring that after making a reasonable effort, it cannot locate any documents within its possession, custody, or control that are responsive to the requests;

    c. Plaintiff's Motion to Compel a response to Request for Production no. 10 is DENIED; and

    d. Plaintiff's Motion to Compel a response to Request for Production no. 11 is GRANTED.

Defendant will produce any responsive documents and, if necessary, a sworn declaration as directed above within fourteen (14) days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for permission to obtain additional discovery on the issues that are the subject of the production requests if Plaintiff's counsel deems it necessary upon production of the documents is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for attorney's fees and costs is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 13, 2015          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 13, 2015          s/ Lisa C. Bartlett
                               Case Manager

8